KENNEDY, Justice.
The plaintiffs appeal from a summary judgment in favor of the defendant, Dr. James R. Phillips. The issue is whether the trial judge erred in holding the summary judgment hearing in Jefferson County instead of Etowah County. We affirm.
The complaint in this case was filed on October 23, 1987, in Etowah County Circuit Court. The plaintiffs, Cynthia and Dennis Martin, alleged that Dr. Phillips had negligently performed surgery on Mrs. Martin. The case was continued several times at the request of the plaintiffs. Mrs. Martin alleges that the continuances were due to subsequent surgeries to correct the allegedly negligent surgery done by Dr. Phillips.
In November 1989, counsel for the plaintiffs filed a motion to withdraw as counsel, which was granted by the trial court in December 1989. On April 24, 1990, Dr. Phillips filed a motion for summary judgment. The hearing on the motion was set for May 4, 1990.
On May 4, 1990, the trial court allowed the plaintiffs 30 days to employ new counsel and prepare the case for trial. The judge then set the hearing on the summary judgment motion for June 5, 1990, at the Jefferson County Courthouse. The hearing was set in Birmingham because the trial judge was scheduled that day to assist in reducing the Jefferson County Circuit Court’s case load.
The plaintiffs retained new counsel, and on May 10, 1990, counsel notified the trial court. Neither the plaintiffs nor their counsel appeared at the hearing in Birmingham on June 5, 1990. On June 26, 1990, the trial court entered a summary judgment in favor of the defendants.
The plaintiffs filed a motion to set aside the summary judgment and to permit counsel to respond to the summary judgment motion. The trial court set the motion for oral argument on July 31, 1990. At oral *839 argument, the plaintiffs did not object to the hearing being held in Jefferson County instead of Etowah County. Counsel for the plaintiffs did argue that he had not had time to prepare for the case, having been retained only 30 days before the hearing. Also, the plaintiffs presented no expert testimony to oppose the expert testimony presented by Dr. Phillips in support of the motion for summary judgment. The trial court on August 21, 1990, denied the motion to set aside the summary judgment.
On appeal, the plaintiffs argue that the trial court erred in holding the summary judgment hearing in Jefferson County. They contend that holding the hearing outside the Sixteenth Judicial Circuit (i.e., outside Etowah County) violated Rule 77(b), A.R.Civ.P., and case law established before our Rules of Civil Procedure were adopted. We disagree.
Rule 77(b) provides in pertinent part that “no hearing, other than one ex parte, shall be conducted outside the circuit without the consent of all parties affected thereby.” At the time the hearing was scheduled, there was no objection to holding the hearing in Jefferson County. Also, after the plaintiffs retained counsel, counsel did not object to holding the hearing outside Eto-wah County. Neither the plaintiffs nor their attorney appeared at the hearing to object to the place of the hearing.
During the oral argument on the motion to set aside the summary judgment, counsel did not argue that the court had violated Rule 77(b) or ease law decided prior to the adoption of the rules.
Under Rule 77(b), the parties can consent to holding the hearing in another circuit. Under the facts of this case, we conclude that the plaintiffs, by failing to object to the place of the hearing, consented to it. We affirm the summary judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.